[No. 1382. December 19, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. OTTO
J. EYLES, Appellant.

### SYLLABUS.

1.   Careful examination of the record shows that evidence upon question of agency and intent is so meagre as not to justify a verdict of embezzlement and nothing more serious than breach of trust.

Appeal from the District Court for Santa Fe County, before JOHN R. McFIE, Associate Justice. Reversed and remanded.

RENEHAN & DAVIES for Appellant.

Defendant was not an agent.   31 Cyc. 1189; Stock Exchange v. Keyes, 67 Ill. App. 462; Mechem on Agency, sec. 1; 2 Kent's Comm. 784; Bishop on Contracts, sec. 1027; 2 Page on Contracts, sec. 960; Parsons on Contracts 38; 31 Cyc. 1194; Caseman v. Brown, 148 U. S. 582.

Merchant and customer, seller and buyer.   Kelly, Maus & Co. v. Sibley, 137 Fed. 588; Black v. Webb, 20 Ohio 304.

Defendant was owner of piano.   New Haven Wire Co. Cases, 57 Conn. 352; Moors v. Kidder, 106 N. Y. 32; Bank v. Logan, 74 N. Y. 568; Simonds v. Wrightman, 36 Ore. 120; Land Co. v. Exchange Bank, 101 Ga. 345; State v. Kemp, 22 Minn. 42; Commonwealth v. Sterns, 2 Met. 343; Commonwealth v. Libbey, 11 Met. 64; 45 Am. Dec. 185; 2 Bish. New Crim. Laws, secs. 345, 369; State v. Reddick, 2 S. D. 124; Van Etten v. State, 24 Neb. 734; McElroy v. The People, 202 Ill. 475; State v. Cusnie, 45 Ohio St. 535.

Debtor and creditor.   Hamilton v. State, 46 Neb. 287; State v. Covert, 14 Wash. 652; Commonwealth v. Young, 9 Gray 5; Webb v. State, 8 Tex. App. 310; Mulford v. People, 139 Ill. 594.

Felonious intent.   Calkins v. State, 98 Am. Dec. 132; Com. v. Tuckerman, 10 Gray 173; 1 Whar. Cr. L., sec. 1030; State v. Tompkins, 32 La. Ann. 620; Fleener

v. State, 58 Ark. 104; State v. Culver, 97 N. W. 1016; Beaty v. State, 82 Ind. 233; People v. Hurst, 62 Mich. 276; State v. Nolan, 111 Mo. 473; State v. Cunningham, 154 Mo. 161; State v. Rigall, 169 Mo. 663; Wiley v. The State, 97 Ga. 207; Kribs v. The People, 82 Ill. 426.

A conviction cannot be sustained for embezzlement when the proof tended merely to show that the money was an advance payment on a contract which the accused wholly failed to perform. State v. Culver, 97 N. W. 1015; Wiley v. State, 97 Ga. 207; Mulford v. The People, 139 Ill. 586; Beaty v. The State, 82 Ind. 228; Reg. v. Norman, 41 E. C. L. 274; Reg. v. Reed, 1 Carrington & M. 306; Bish. Cr. L., sec. 240; Whar. C. L., sec. 1940; 1 Gr. on Ev., sec. 51; Keeler v. The State, 4 Tex. App. 527.

Directed verdict. Simonds v. R. R. Co., 110 Ill. 340; Pleasants v. Fant, 22 Wall. 120; Randall v. R. R. Co., 109 U. S. 482; Sparf v. U. S., 156 U. S. 101; U. S. v. Kuhl, 85 Fed. 624; Pleasants v. Fants, 8 Rose's Notes 505.

A wrong ruling which operates to exclude material facts is prejudicial. Elliott App. Pr., sec. 653.

Trade journals are evidential. Jones on Ev., 2 ed. 582.

Frank W. Clancy, Attorney General, and Francis C. Wilson for Appellee.

Where there is substantial evidence to support a verdict it will not be disturbed by the appellate court in the absence of legal errors. Territory v. Maxwell, 2 N. M. 250; Territory v. West, 14 N. M. 546; Territory v. Neatherlin, 13 N. M. 491; Candelaria v. Miera, 13 N. M. 360.

Relation of principal and agent existed. 31 Cyc. 1189, 1216; Holmes v. Tennessee Coal Co., 22 South. 403; Smith v. Simmons, 103 Pa. 32; 1 Bouvier's Law Dict.; People v. Treadwell, 69 Cal. 226; Pullam v. State, 78 Ala. 31; State v. Heath, 8 Mo. App. 99; Com. v. Young, 9 Gray 5, Mass.

Relationship of vendor and vendee did not exist.

Kelly, Maus & Co. v. Sibley, 137 Fed. 588; Black v. Webb, 20 Ohio 304.

Defendant received money of his principal and converted it to his own use. Walker v. State, 117 Ala. 42; Eggleston v. State, 192 Ala. 80; State v. Lewis, 31 Wash. 75; State v. Buchanan, 43 Wash. 387; People v. Hurst, 62 Mich. 276; State v. Cunningham, 150 Mo. 161; Wiley v. State, 97 Ga. 207; Kribs v. The People, 82 Ill. 426; Keeler v. The State, 4 Tex. App. 527.

Court could not direct verdict of acquittal. Simonds v. R. R. Co., 110 Ill. 304; Sharf v. U. S., 156 U. S. 101.

Conversion. Haupt v. State, 108 Ga. 60.

## OPINION OF THE COURT.

WRIGHT, J.—The defendant was convicted of embezzlement at the September, 1910, term of the district court for Santa Fe county. The indictment is in the usual form, charging embezzlement under the statute of the sum of One Hundred and Fifty Dollars ($150.00) of the property of one Bronson M. Cutting, which said sum it is alleged came into the possession of the defendant by reason of his employment as an agent by the said Bronson M. Cutting. At the conclusion of the evidence for the territory the defendant moved for a peremptory instruction of not guilty, upon the failure of proof as to agency and felonious intent. This motion was denied. It was again presented at the close of the case, and again denied, to which rulings the defendant excepted. The same questions were again presented to the trial court in the motion for new trial and in arrest of judgment. Numerous errors in the instructions given by the court and in the refusal to give instructions requested by the defendant are assigned. However, in view of our holding in this case, it will not be necessary to consider anything beyond the questions raised on the motion for peremptory instructions preserved in the motions for new trial and arrest of judgment. The prosecution of this case was had under the provisions of Section 1122, of the Laws of 1897, which reads as follows: "If any officer, agent, clerk or servant of any incorporated company,

or if any clerk, agent or servant of a private person, or of any copartnership, except apprentices, and other persons under the age of sixteen years, shall embezzle or fraudulently convert to his own use, any money or property of another, which shall have come to his possession or shall be under his care, by virtue of such employment, he shall be deemed, by so doing, to have committed the crime of larceny." The sole question for determination in this case is, does the testimony establish the elements of the crime of embezzlement as defined in the section of the statute above quoted, so as to warrant the verdict of guilty returned by the jury in this case? We have carefully examined the record in this case, and feel constrained to hold that the evidence upon the quetions of agency and intent is so meager as not in law to justify the verdict returned in this case. The record discloses that the defendant was guilty of nothing more serious than a breach of trust. As no useful purpose could be served by a discussion of the evidence or the lack of evidence upon these two points, we content ourselves with a statement of our conclusions therefrom. The judgment of the lower court is reversed, and the cause remanded.