**Frank Thomas ISLAND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 90-5318.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided Oct. 8, 1991.

Rehearing and Rehearing En Banc Denied Nov. 7, 1991.

---

**10.** *See supra* part II.

**11.** As to defendants Clarke and Ferguson, Kitt's claim also is barred as res judicata. *See supra* note 9.

Mark Marshall, Rapid City, S.D., argued (Joseph Butler and Rebecca McMahon, on brief), for appellant.

Steven Rich, Asst. U.S. Atty., Rapid City, S.D., argued, for appellee.

Before ARNOLD, BOWMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Frank Thomas Island appeals from the denial of his motion made pursuant to 28 U.S.C. § 2255 (1988). He claims that the trial court abused its discretion by "me-chanically" imposing a maximum sentence of imprisonment and that the trial court's sentencing procedure violated his Fifth Amendment rights.[1] We affirm.

## I. BACKGROUND

In September 1986, Island was indicted on fifteen counts of criminal conduct. In August 1988—after remaining a fugitive for over a year—he pleaded guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (1988), and two counts of income tax evasion, in violation of 26 U.S.C. § 7201 (1988). The district court accepted Island's plea, ordered a presentence investigation, dismissed the other counts in the indictment, and sentenced him in October 1988.

At his sentencing hearing, Island testified about his medical problems, his long addiction to cocaine, his treatment for cocaine addiction, the effects of his cocaine use on his family, and his then two-year abstention from the use of cocaine. Following this testimony, the judge questioned Island about his refusal to reveal the sources for his cocaine. Transcript of Sentencing at 17–18. Island explained that he decided not to reveal his sources because his ex-wife had received telephone calls from a person who threatened to hurt his children if he told law enforcement officers who his sources were. The trial judge replied that "unless those persons who are convicted of drug offenses will name their sources, the sources continue to work and operate" and "the flow of drugs continues." *Id.* at 18.

The conversation between the judge and Island continued:

[Judge]: And you are no stranger to the history of this court's sentencings, that is, I did spend [*sic*] your brother to a maximum of 15 years?

[Island]: Yes, sir.

[Judge]: I discussed with him the same philosophy that he had, that he did not want to reveal his sources. And I tell you, in a spirit of frankness, that if those

---

1. Island's offense occurred prior to November 1, 1987, thus his sentence was not determined under the federal sentencing guidelines.

people who distribute drugs do not make a clean breast of their sources, that they in effect have bargained for the maximum sentence. Do you understand that?

[Island]: I understand that.

[Judge]: On the other side of the coin, those people who have consented to be debriefed—and there have been a lot of them—and reveal their sources that lead to other convictions, those people have received much less sentence at this court's hands.

[Island]: I understand.

[Judge]: It seems to the court that if you really want your children protected from the pervasive use of drugs, that these sources have got to be stamped out. Otherwise, your children and my children and your friend's children are all going to be bombarded with temptations that have been placed before them by these sources.

[Island]: Yes, I agree with that.

[Judge]: And I have made the statement that until everybody becomes an informer, the battle is not going to be won. Would you agree with that?

[Island]: Yes. I can agree with that.

[Judge]: Very well. Thank you.

*Id.* at 18–20. Island offered to prove that his ex-wife had received threatening telephone calls by having her testify, but the judge—apparently believing Island's testimony—stated, "I will accept his [Island's] statement." *Id.* at 20.

The court then heard testimony from three people acquainted with Island: his sponsor in Narcotics Anonymous, his drug counselor, and a family minister. Following this testimony, the judge again rebuked Island for his failure to reveal the sources for his cocaine:

[Judge]: I think you should reconsider your decision not to be debriefed.

Your children are not going to be safe so long as you have information which you are withholding from the authorities. It is a misconceived notion that you are protecting your family by not revealing this information. Your children and your family could be protected; you have

to put some trust and confidence in those people who can protect them.

And bear in mind that as long as you have this information, there is more of a danger to yourself and your family, than there would be if you revealed it.

Your counsel is an experienced counsel and knows that under Rule 35, I would be able to take another look at this sentence. I will do that upon proper motion, if you change your mind.

*Id.* at 31–32.

At the conclusion of the hearing, the court sentenced Island to the maximum imprisonment term allowed by statute for each offense—fifteen years for the conspiracy conviction and five years for each of the two counts of income tax evasion. The court ordered that all sentences run concurrently. The court also ordered that Island pay fifty dollars to the victim's assistance fund. No fine, however, was imposed. The court stated, "I examined your financial background and I feel that a fine by reason of your indigency would serve no purpose." *Id.* at 33.

Island filed two motions for reduction of sentence. (No direct appeal was filed.) Both of these motions were denied. Island then filed a motion under section 2255. The district court, adopting the recommendation of the magistrate judge, denied this motion too. Island now appeals from the district court's decision.

## II. DISCUSSION

### A. Review of Island's Sentence

■ As a general rule, district courts are given wide discretion in sentencing and sentences imposed within statutory limits are not subject to review on appeal. *See, e.g., United States v. Brenneman,* 918 F.2d 745, 746 (8th Cir.1990). Island argues, however, that we can review his sentence because the trial court "mechanically" sentenced him to a maximum imprisonment term solely because he refused to reveal the sources for his drugs. Island thus relies on the exception to the general rule of nonreviewability established by this court in *Woosley v. United States,* 478 F.2d 139 (8th Cir.1973) (en banc).

ture of the offense, Island's fugitive status for over a year after his indictment, and the twelve counts of criminal conduct that were dropped in exchange for Island's guilty plea.[3]

**B. Fifth Amendment Claim**

■ Island also argues that his refusal to cooperate with law enforcement authorities was based on his Fifth Amendment right against self-incrimination and that the trial court improperly penalized him for the exercise of this right. Nowhere in the record or transcript of the sentencing hearing, however, can we find any indication of Island asserting his privilege against self-incrimination before sentencing. This claim appears for the first time in Island's section 2255 motion. This is too late. As the Supreme Court explained in *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), "[t]he Fifth Amendment privilege against compelled self-incrimination is not self-executing. At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion." *Id.* at 559, 100 S.Ct. at 1364. If Island "believed that his failure to cooperate was privileged, he should have said so at a time when the sentencing court could have determined whether his claim was legitimate." *Id.* at 560, 100 S.Ct. at 1364. Because Island did not assert his claim in a timely fashion, it is considered waived.

**III. CONCLUSION**

For the reasons stated, the judgment of the district court is affirmed.

ARNOLD, Circuit Judge, dissenting.

The Court ably states the reasons for its conclusion that the sentence was not "me-

chanical," as that term is used in *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973) (en banc). I agree with this holding. I also agree with the Court's conclusion that Island's self-incrimination argument comes too late.

I would remand for resentencing, however, because of another circumstance which seems to me compelling. It is obvious from the transcript that the Court's imposition of the fifteen-year maximum sentence was directly tied to Island's failure to reveal his sources. On the record as it comes to us, the reason for this failure is clear: someone had threatened to hurt Island's children if Island were to tell who his sources were. As the Court notes, the District Court appeared to believe Island's statement to this effect, and to proceed on the assumption that it was true. *Ante* at 1337. The Court nevertheless based its sentence on Island's failure to reveal this very information. The Court said: "Your children and your family could be protected; you have to put some trust and confidence in those people who can protect them." See *ibid.*

In my view, this reasoning is arbitrary. It is true (pre-Guidelines) that sentences are rarely reviewable. If, however, a sentencing judge gives on the record a clearly inadmissible reason for his action, the Court of Appeals has power to take appropriate action. Suppose, for example, that the judge said that a defendant was being given six years, instead of five, because the sentencing took place on a Tuesday. Assume further that the sentence is within statutory limits. No one would contend, I assume, that such a sentence could stand. Here, the defendant was given a clear choice: he could either name his sources, thus exposing his children to physical danger, or he could go to jail for the maximum period allowed. It is not a sufficient an-

---

**3.** Island also argues that the district court improperly *increased* his sentence based on his noncooperation. *See, e.g., DiGiovanni v. United States*, 596 F.2d 74, 75 (2d Cir.1979) (a sentencing judge cannot "administer additional punishment to a defendant who by his silence has committed no additional offense"); *cf.* U.S.S.G. § 5K1.2 ("A defendant's refusal to assist authori-

ties in the investigation of other persons may not be considered as an aggravating sentencing factor."). The comments of the district court judge, however, may be construed to mean that leniency would result if Island cooperated—not that a more severe sentence was being imposed because he did not cooperate.

**1340**

swer to say that the children could be protected. The reference, apparently, is to the Witness Protection Program of the Department of Justice. If we assume that the Department would have made this kind of protection available, the point made by defendant on this particular record is still not answered. His children were not living with him. They were living with his former wife and, presumably, were in her legal custody. The choice whether to place them in the Witness Protection Program would, therefore, not be that of the defendant himself. The choice would belong to the custodial parent. There is no evidence in this record that she would have acceded to any such proposition, thus consigning not only her children but also herself to an extreme disruption in their personal lives. At the very least, I submit, the District Court should have made further inquiry. It could, for example, have required testimony from the former wife, or could have explored on the record what sorts of protection could, as a practical matter, be afforded.

A general policy of severe sentences in the absence of cooperation by defendants is not at all objectionable. Indeed, there is a great deal to be said for it, and I might well adopt such a policy if I were a trial judge. Here, however, the record raises serious and unanswered questions about the operation of such a policy under the particular circumstances of this case. I would vacate this sentence and remand for resentencing in light of the views expressed in this opinion.