982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Edward J. SMITH, Appellant.
 No. 92-2171MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1992.
Filed: December 23, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Edward J. Smith appeals his guidelines sentence for bank fraud and tax evasion. Smith contends the district court should have departed downward from the appropriate guidelines range based on his community contributions, good family life, continued employment, and payment of partial restitution. The district court refused to depart because of the seriousness of Smith's offense. Smith concedes a district court's refusal to depart is generally not reviewable, but asserts that by ignoring these factors, the district court sentenced him "mechanically." See Woosley v. United States, 478 F.2d 139, 143-45 (8th Cir. 1973) (providing an exception to the rule against review of sentences when the district court fails to exercise discretion in sentencing).
 
 
 2
 Having considered the record, we conclude the district court's approach in sentencing Smith was not mechanical. See Island v. United States, 946 F.2d 1335, 1338-39 (8th Cir. 1991) (sentencing not mechanical because judge considered several factors such as defendant's testimony and the nature of the offense). Thus, we cannot review the district court's refusal to depart from the guidelines range. See United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 495 U.S. 922 (1990). In any event, Smith's factors do not justify a downward departure unless present to an extraordinary degree. See United States v. Garlich, 951 F.2d 161, 163-64 (8th Cir. 1991).
 
 
 3
 Accordingly, we affirm.