926 P.2d 299

STATE of New Mexico, Plaintiff–Respondent,

v.

Mark SOSA, Defendant–Petitioner.

No. 23375.

Supreme Court of New Mexico.

Oct. 7, 1996.

T. Glenn Ellington, Chief Public Defender, Susan Gibbs, Assistant Appellate Defender, Santa Fe, NM, for Petitioner.

Tom Udall, Attorney General, Patricia Gandert, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

MINZNER, Justice.

Defendant Mark Sosa asserts that the trial court violated his Fifth Amendment right to be free from compelled self-incrimination in sentencing him to a prison term upon his conviction for two counts of distribution of marijuana. U.S. Const. amend. V. This appeal also raises the issue of whether the trial court abused its discretion by offering Sosa a

suspended sentence if he would identify his source of drugs in open court. The Court of Appeals affirmed the trial court in a memorandum opinion, concluding that Sosa did not preserve the Fifth Amendment issue and that there was no abuse of discretion. We agree and, accordingly, we affirm.

*Facts.* Sosa entered into an oral plea agreement wherein he agreed to plead guilty to two fourth-degree felony counts of distribution of marijuana; the agreement made no provision for sentencing. At the sentencing hearing, the probation and parole officer recommended a suspended sentence without incarceration, and the State did not make any recommendation regarding sentencing. The trial court then asked Sosa to reveal the name of his drug supplier. The court explained that it wanted Sosa to divulge this information in open court in order to "burn all his connections and make everybody think that he's a snitch, which will make it real tough for him to do business again." Sosa declined to provide this information on the ground that, by doing so, he would be placing himself in danger. The court then imposed two eighteen-month sentences (to be served concurrently) as prescribed by statute. *See* NMSA 1978, § 31–18–15(A)(6) (Repl. Pamp.1994).

Sosa filed a motion for reconsideration of the sentence. At a hearing on this motion, a police officer testified that requiring a defendant to name his or her drug source in open court would not aid law enforcement nor ostracize that defendant from the drug community, but rather might endanger that defendant and law enforcement officers. Sosa also presented the testimony of his father about specific retaliation against their family after they allowed police officers to conduct drug surveillance from their property. Defendant's father also testified that Sosa told him he had heard someone in the jail was beaten because he was a suspected "snitch". The probation officer again recommended a suspended sentence. Following this testimony, the trial court ruled as follows:

> The situation is such, [Counsel], that I think the decision I made the last time of giving your client the alternative of a completely suspended sentence which was the offer that he was given if he would be willing to cut himself off from the drug community, was a reasonable one. He's not chosen to accept that offer, therefore, the judgment and sentence will be the same. Mr. Sosa, you're remanded to the custody of the sheriff's office.

Sosa did not assert any reason other than fear of retaliation for his failure to divulge the requested information. Sosa did not invoke his constitutional right to be free from self-incrimination.

■ *Discussion.* Sosa's principal argument on appeal is that the trial court violated his Fifth Amendment privilege against self-incrimination by punishing him more severely because he failed to identify his supplier. The Court of Appeals concluded that Sosa had failed to preserve the Fifth Amendment issue. In his appeal to this Court, Sosa does not argue that he asserted a Fifth Amendment objection at the sentencing hearing. Instead, he relies upon the case of *State v. James*, 109 N.M. 278, 784 P.2d 1021 (Ct. App.), *cert. denied*, 109 N.M. 262, 784 P.2d 1005 (1989), for the proposition that he was not required to affirmatively assert his Fifth Amendment privilege. Neither the majority nor the dissenting opinion in *James* provides any support for the position that a criminal defendant need not preserve his Fifth Amendment claim with a proper objection, nor have the federal courts countenanced such a position. To the contrary, the United States Supreme Court has said that "[t]he Fifth Amendment privilege against compelled self-incrimination is not self-executing. At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion." *Roberts v. United States*, 445 U.S. 552, 559, 100 S.Ct. 1358, 1363, 63 L.Ed.2d 622 (1980).

■ Even if Sosa had invoked his Fifth Amendment privilege against self-incrimination, this Court is not convinced that the privilege would apply for the reasons Sosa stated at sentencing. The United States Constitution states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

The New Mexico Constitution guarantees the same. N.M. Const. art. II, § 14. The privilege against self-incrimination grants citizens the right not to provide information which may be "used to support other criminal prosecutions." 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 2.14(e), at 247 (1986). At sentencing, Sosa claimed that providing the name of his source would jeopardize both his physical safety and that of his family. This argument does not fall within the purview of Fifth Amendment protection.

■ Although Sosa argued in his brief that refusal to testify for fear of retaliation is a proper exercise of Fifth Amendment protection, he offers no authority to support the written argument. During oral argument, Sosa argued that naming his source would provide information that might be used in another prosecution. Therefore, we conclude that the argument made on appeal differs from the argument made to the district court. We believe the argument is made as an afterthought on appeal. We will not reverse the district court on a matter so uniquely within its discretion when the court was not given an opportunity to consider the issue and make an appropriate response prior to ruling. *See* SCRA 1986, 12–216(A) (Repl.Pamp.1992) (to preserve error, it must appear that a ruling or decision was "fairly invoked").

■ Sosa also argues on appeal that imposition of this sentence constituted an abuse of discretion because the trial court improperly considered Sosa's refusal to name his drug source. We agree with the Court of Appeals that the analysis contained in *State v. Callaway*, 109 N.M. 564, 569, 787 P.2d 1247, 1252 (Ct.App.1989), *rev'd on other grounds*, 109 N.M. 416, 785 P.2d 1035, *cert. denied*, 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990), forecloses this argument. *Callaway* distinguished between enhancement or aggravation of a sentence and failure to mitigate a sentence. While we recognize that this distinction may be difficult to draw in some cases, this is not such a case. Here the trial court imposed an eighteen-month sentence for each of the two counts for which Sosa was convicted, and he ordered that the sentences would be served concurrently. Eighteen months imprisonment is the basic sentence for a fourth-degree felony. Section 31–18–15(A)(6). Moreover, Section 31–18–15(B) provides that "[t]he appropriate basic sentence of imprisonment *shall* be imposed upon a person convicted of a ... fourth degree felony." (Emphasis added.)

It is true that NMSA 1978, Section 31–20–3(A) and (B) (Repl.Pamp.1994) empowers the court to suspend or defer the sentence. However, we cannot see how failure to suspend a statutorily-prescribed sentence can ever be characterized as anything other than a "refusal to grant leniency." *See Callaway*, 109 N.M. at 569, 787 P.2d at 1252. It is settled law in this jurisdiction that a suspended sentence is a matter of judicial clemency to which a defendant may never claim entitlement. *See State v. Knight*, 78 N.M. 482, 483, 432 P.2d 838, 839 (1967); *State v. Serrano*, 76 N.M. 655, 657, 417 P.2d 795, 797 (1966). We hold that the sentencing court's failure to suspend Sosa's sentence did not constitute an increase, enhancement, or aggravation of the sentence imposed.

The federal cases Sosa relied upon also distinguish between enhancement or aggravation and refusal to mitigate or extend leniency. Those cases are therefore not helpful to his position. *See United States v. Stratton*, 820 F.2d 562, 564 (2d Cir.1987) ("This court ... has drawn a distinction between increasing the severity of a sentence for a defendant's failure to cooperate and refusing to grant leniency."); *cf. United States v. Ramos*, 572 F.2d 360, 362–63 (2d Cir.1978) (Lumbard, J., concurring) (characterizing the sentence given in that case as "unusually severe," "excessive," and "unheard of"). *Compare Island v. United States*, 946 F.2d 1335, 1339 n. 3 (8th Cir.1991) (holding defendant's refusal to name sources may be considered in deciding whether or not to grant leniency) *and United States v. Griess*, 971 F.2d 1368, 1372 (8th Cir.1992) (holding defendant's refusal to name sources to assist law enforcement may not be used to increase sentence).

Sosa also asserts that the sentence was improper because the sentencing court considered an impermissible factor: his unwill-

ingness to name his supplier. In advancing this argument, Sosa relies upon *State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983), for the proposition that the factors a sentencing court may consider are limited to "unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation." *Id.* at 501, 672 P.2d at 1132. *Segotta* involved the question of whether the trial court had properly aggravated a sentence. When that opinion set forth the list of permissible factors, it was discussing *aggravation* or *mitigation* pursuant to NMSA 1978, Section 31–18–15.1 (Cum.Supp.1981). Contrary to Sosa's assertions, *Segotta* did not discuss the factors that a court may properly consider in imposing the basic sentence. Moreover, the *Segotta* Court expressly declined to limit a trial court to the factors enumerated in that opinion. 100 N.M. at 501, 672 P.2d at 1132. Therefore, Sosa's reliance upon *Segotta* is misplaced.

■ Additionally, there is federal precedent for conditioning leniency on naming sources. *See Island,* 946 F.2d at 1337–39. Absent reliance on an impermissible factor or a showing that the court engaged in arbitrary reasoning, we have no basis for requiring resentencing. *See id.* at 1339–40 (reasoning that sentences are reviewable only if arbitrarily imposed). (Arnold, J., dissenting). That is a consequence of the principle that a suspended sentence is a matter of judicial clemency. *Knight,* 78 N.M. at 483, 432 P.2d at 839. We reaffirm that principle. In this case, we have no basis for requiring resentencing. The court has not ruled on an impermissible factor nor does the record support a conclusion that the court's reasoning was arbitrary. Therefore, we hold that Sosa has shown no abuse of discretion on the district court's part.

*Conclusion.* As set forth above, we conclude that Sosa failed to preserve a Fifth Amendment claim. We further conclude that the trial court's sentencing decision and denial of Sosa's motion for reconsideration did not, under these circumstances, constitute an abuse of discretion. The judgment of the Court of Appeals is affirmed.

**IT IS SO ORDERED.**

BACA, C.J., and FRANCHINI, J., concur.