**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3548

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Raul Hernandez-Reyes, also | * | |
| known as Martin Caballero- | * | |
| Hernandez, also known as Arturo | * | |
| Quelos-Miranda, also known as | * | |
| Carlos Guzman-Hernandez, also | * | |
| known as Carlos Hernandez- | * | |
| Guzman, also known as Martin | * | |
| Hernandez-Caballero-Hernandez, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  March 11, 1997

Filed:  June 11, 1997

_____

Before McMILLIAN and HANSEN, Circuit Judges, and MAGNUSON,[1] District
Judge.
_____

HANSEN, Circuit Judge.

Raul Hernandez-Reyes appeals his sentence for re-entering the
United States after having been arrested and deported, challenging the
district court's[2] denial of the government's motion to depart downward.
We dismiss the appeal.

Raul Hernandez-Reyes pleaded guilty to charges of re-entering the
United States after having been arrested and deported, in violation of 8
U.S.C. § 1326 (1994).  In the plea agreement, Hernandez-Reyes agreed to
an administrative order of deportation and waived his right to any
appeal or challenge to that order.  In return, the government agreed to
move for a downward departure pursuant to 18 U.S.C. § 3553(b) and
section 5K2.0 of the United States Sentencing Guidelines, based on the
administrative deportation.  Section 3553(b) provides that a sentencing
court may depart from the applicable guidelines if the court finds "that
there exists an aggravating or mitigating circumstance of a kind, or to
a degree, not adequately taken into consideration by the Sentencing
Commission in formulating the guidelines that should result in a
sentence different from that described."  18 U.S.C. §  3553(b) (1994).

Section 5K2.0 of the Guidelines is the Sentencing Commission's
policy statement on the grounds for departure under 18 U.S.C. § 3553(b).
Under this

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

provision, a district court may depart from the Guidelines when "certain aspects of the case [are] unusual enough for it to fall outside the heartland of cases in the Guideline[s]." Koon v. United States, 116 S. Ct. 2035, 2046 (1996). In determining whether a case does indeed fall outside the heartland, "the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." Id. at 2046-47. Section 5K2.0 is designed to allow district courts to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 2053.

At sentencing, after hearing arguments by both parties for granting the government's motion for a downward departure, the district court denied the government's motion. The court noted its authority to depart downward but stated that considering "all of the circumstances," including both the defendant's circumstances and the overall societal concerns about recidivism of aliens who are "unable to survive without violating the law," he would deny the motion to depart downward. (Sent. Tr. at 25.) The district court explained that "unless there is an extraordinary situation," it did not feel it should grant the motion. (Id.) The court further explained, "[T]hat's consistent with the policy that I have adopted, until I can be convinced that there is really . . . a benefit for this." (Id.)

Hernandez-Reyes appeals the district court's decision, arguing that it is reviewable and was an abuse of discretion because it was reached "mechanically." When a district court correctly understands that it has the authority to depart on a particular basis from the Guidelines, the "court's discretionary decision not to depart . . . is unreviewable on appeal absent an unconstitutional motive." United States v. Field, No. 96-1589, slip op. at 9 (8th Cir. Apr. 7, 1997). The district court here had the authority to depart downward on the basis that Hernandez-Reyes consented to an administrative deportation. See United States v. Cruz-Ochoa, 85 F.3d 325, 325-

3

26 (8th Cir. 1996) (vacating a sentence because the district court erroneously believed it did not have the authority to depart downward). The court fully understood its authority and decided not to exercise it. Thus, absent an unconstitutional motive, the district court's decision is unreviewable.

Hernandez-Reyes argues that his due process rights were violated on the basis that the district court sentenced him "mechanically." The "mechanical sentencing rule" is a very narrow doctrine we recognized under the law prior to enactment of the Sentencing Guidelines, when a district court's sentencing decision was virtually unreviewable. See Woosley v. United States, 478 F.2d 139 (8th Cir. 1973) (en banc). Woosley involved a Jehovah's Witness who had pled guilty to refusing induction into the military service. The district court, true to its consistent policy, sentenced Woosley to the maximum term of imprisonment, without considering his individual character or his circumstances. On review, we observed that deference to a district court's sentencing decisions is founded on that court's firsthand observation of the defendant. When a sentencing judge mechanically applies a predetermined sentence, however, the judge has not actually exercised his discretion, and there is no reason to defer to the district court's judgment. We held that the sentencing decision is reviewable in those circumstances. Id. at 143-45.

We further refined the doctrine in Island v. United States, 946 F.2d 1335, 1338 (8th Cir. 1991), which involved another sentence imposed under pre-Guidelines law. We explained that a determination of whether the mechanical-sentencing rule applies requires this court to "view [the defendant's] sentencing process in its entirety." Id. "This includes considering all the comments and actions of the sentencing judge, in their full context, and it includes considering whether there is any legitimate explanation for the severity of the sentence." Id. In Island, the district court had read several letters written on the defendant's behalf; a presentence investigation had been conducted; the court had adopted facts as found in the Presentence Investigation Report and had imposed the same sentence recommended

in that report; at the sentencing hearing, the judge had listened to the defendant's testimony and the testimony of all the witnesses the defendant had asked to present; and the sentencing judge's comments at the hearing suggested a thoughtful decision on the proper punishment. Finally, other factors explained the severity of the defendant's sentence: the type and nature of the offense, the defendant's fugitive status for over a year after his indictment, and the fact that 12 counts of criminal conduct had been dropped in exchange for the defendant's guilty plea. Considering all of this evidence, we concluded that the district court had not mechanically applied a predetermined sentence.

Assuming, without deciding, that a predetermined, mechanical decision not to depart downward implicates constitutional concerns and thereby renders a sentencing decision reviewable on appeal, we conclude that the mechanical-sentencing rule does not carry the day for Hernandez-Reyes. What is prohibited by the mechanical-sentencing rule is a policy of imposing a predetermined sentence without considering a particular defendant's situation. The record before us indicates that this district judge considers an individual defendant's circumstances. When explaining his general disinclination to depart downward based on a defendant's consent to an administrative deportation, the judge noted that he departs downward only in "an extraordinary situation." (Sent. Tr. at 25.) Likewise, when sentencing Hernandez-Reyes' codefendant, the judge noted that while he is generally opposed to downward departures on this basis, he grants such departures "on occasion." (Id. at 8.) Because the court occasionally grants a downward departure, the court's policy required consideration of Hernandez-Reyes' circumstances in order to determine whether his situation was in fact extraordinary. We realize that the district court's decision-making process does not weigh in favor of granting downward departures, but this does not mean that the process is mechanical. Moreover, the district court's policy is in accordance with the Guidelines. See Koon, 116 S. Ct. at 2045 ("The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will

5

be `highly infrequent.'"); <u>United States v. Tucker</u>, 986 F.2d 278, 280 (8th Cir.) (stating that the "guidelines materials clearly indicate that departures were intended to be quite rare and thus should be restricted to situations in which substantial atypicalities are found to exist") (internal quotations and citations omitted), <u>cert. denied</u>, 510 U.S. 820 (1993).

Furthermore, the record indicates that the district court considered Hernandez-Reyes' individual circumstances. A presentence investigation was conducted, and the district court adopted its findings of fact. The court did not impose a fine on Hernandez-Reyes because of his financial circumstances. The court sentenced Hernandez-Reyes to 57 months of imprisonment, the low end of the applicable Guidelines range of 57 to 71 months. As to the decision not to depart from the applicable range, the court heard extensive arguments from the parties and simply found that Hernandez-Reyes' case did not warrant such a departure. This decision is not reviewable.

Finally, Hernandez-Reyes' claim that other courts routinely grant these motions highlights what he really seeks in this case: He wants a rule creating at least a preference for granting downward departures when a defendant has consented to an administrative deportation. Our acknowledgement that district courts have the authority to depart downward does not, however, amount to a directive to do so on a routine basis. We leave the decision to depart to the district courts' sound discretion. <u>Koon</u>, 116 S. Ct. at 2046.

Because the district court understood its authority to depart downward and appropriately used its discretion in deciding not to do so, the court's decision is not reviewable. Accordingly, we dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.