# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1353

_____

United States of America

*Plaintiff - Appellee*

v.

Clinton Holman, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 23, 2013
Filed: November 7, 2013
[Unpublished]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Clinton Holman, Sr. was found to have marijuana and heroin while imprisoned at the Federal Correctional Complex in Forest City, AR (FCC Forest City). He pled guilty to possessing a prohibited object in prison, in violation of 18 U.S.C.

§ 1791(a)(2), and the district court[1] sentenced him to the statutory maximum of 60 months imprisonment. Holman appeals, arguing that the district court committed a procedural error in sentencing. We affirm.

On October 4, 2011 officers at FCC Forest City conducted a search of inmate Clinton Holman's cell. They found what was later confirmed to be 0.1694 grams of heroin in a small bag inside one of his shirts. Holman was then questioned. After initially denying he had any contraband on him, he handed the officers a bag containing 8.9 grams of marijuana. In later correspondence with the U.S. Attorney's office Holman also admitted that he had sold marijuana and used heroin in the prison. A federal grand jury indicted Holman on two counts of possessing a prohibited object in prison in violation of 18 U.S.C. § 1791(a)(2), one count for each drug.

The district court held a combined plea and sentencing hearing on February 8, 2013. Before accepting the plea the court explained that it was required both to give a sentence within the statutory range and to use the guidelines as a starting point in determining Holman's sentence, but that it was not required to sentence Holman within his guideline range. The court also stated that it generally gives a maximum sentence for possession of contraband in prison. Even though it takes the § 3553(a) "factors into consideration" in such cases, it considered "prison contraband cases [to be] pretty serious." Holman pled guilty to the marijuana offense in exchange for the dismissal of the heroin charge.

The district court calculated a total base offense level for Holman of 11 and a criminal history category VI. The resulting guideline range was 27 to 33 months imprisonment. The defense asked for a sentence within the guideline range because Holman "is older" and had "accept[ed] responsibility early on," and such a sentence

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

would be sufficient to deter possession of illegal drugs in prison. The government highlighted that Holman had both used heroin and sold marijuana in prison and had engaged in conduct that "officials at FCC Forest City are working hard to deter and clean up." The government requested a "reasonable sentence to help meet those objectives." Holman himself gave a statement saying "if I knew they had been charging, I wouldn't even have been messing around."

The district court sentenced Holman to 60 months consecutive to the sentence he is already serving, with no fine or increase in Holman's supervised release term. The court mentioned several of the factors it had considered before imposing sentence, including the need to sentence imprisoned defendants "fairly harshly" since they are already "being punished for committing a crime, but still committing a crime, which would indicate maybe it's not getting through." After observing that "if there are no consequences to committing a crime, there can never be deterrence," the court pointed out that Holman's statement that he would not have committed the crime if he had known he would be charged "almost supports [the court's] point the word needs to get out." Holman now appeals.

Holman argues that the district court committed a procedural error at sentencing by following a predetermined policy of using the statutory maximum as the baseline rather than the guideline range. Although we generally review procedural errors in sentencing for an abuse of discretion, Gall v. United States, 552 U.S. 38, 51 (2007), Holman did not object at sentencing and so our review here is for plain error, United States v. Rice, 699 F.3d 1043, 1049 (8th Cir. 2012). Holman thus has the burden to prove there was an error that was plain and that affected his substantial rights. Id. We will only exercise our discretion to correct such an error if it would seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id.

A district court should use the guideline range as "the starting point and the initial benchmark" for sentencing. Gall, 552 U.S. at 49. It should then receive argument from the parties on an appropriate sentence before weighing the § 3553(a) factors. Id. at 49–50. If deciding that a sentence outside the guidelines is warranted, the court must provide an explanation sufficient to justify the degree of variance. Id. at 50.

The district court followed this procedure here. It calculated the proper guideline range, and contrary to Holman's claims, the court twice stated that this range was the required starting point for its sentencing decision. The court heard argument from the parties and fully explained the sentence imposed. It properly considered the § 3553(a) factors, including the nature and circumstances of the offense, the need for adequate deterrence of criminal conduct, and the need to provide just punishment for the offense. See 18 U.S.C. § 3553(a). While the district court emphasized the need to deter others from possessing contraband while in prison, our court has when appropriate "upheld severe sentences imposed in part for reasons unrelated to the personal characteristics of the particular defendant." Ferguson v. United States, 623 F.3d 627, 632 (8th Cir. 2010) (citing United States v. Foy, 617 F.3d 1029, 1037 (8th Cir. 2010)).

Holman cites our decision in Woosley v. United States, 478 F.2d 139, 143–44 (8th Cir. 1973) (en banc), in arguing that the district court took a "mechanical approach to sentencing" prison drug offenses by always giving the statutory maximum sentence. He contends that the district court's comments that its "policy" is to sentence defendants who commit crime while in prison "fairly harshly" and that it "generally" gives the maximum sentence reveal an impermissible presumption that the guideline range is unreasonable for this particular type of crime and that the district court did not consider the § 3553(a) factors. He also cites two other cases in which this same judge sentenced defendants to 60 months imprisonment for similar

offenses.  See Ferguson, 623 F.3d at 629; United States v. Nelson, No. 4:08-cr-242-BSM (E.D. Ark. Aug. 4, 2010).

The mechanical sentencing rule announced in Woosley is a "very narrow doctrine," United States v. Hernandez-Reyes, 114 F.3d 800, 802 (8th Cir. 1997), announced before the current guideline system was in place.  In Woosley, we determined that a district court's otherwise unreviewable sentencing decision would require review if a defendant were sentenced in accordance with a predetermined policy and "without considering his individual character or his circumstances."  Id. Whether the Woosley rule applies to a particular sentence requires examination of the entire sentencing process and the comments of the district court "in their full context." Island v. United States, 946 F.2d 1335, 1338 (8th Cir. 1991).  On such a charge we inquire "whether there is any legitimate explanation for the severity of the sentence." Id.  Such explanations may include the type and nature of the offense and whether charges were dropped as part of a plea bargain.  Id.

Our review of the record leads us to conclude that the district court did not mechanically sentence Holman to the statutory maximum.  The district court considered Holman's individual circumstances, and it exercised its discretion not to add any supervised release or fines to Holman's sentence.  Holman admitted to facts that bear on the nature and circumstances of his offense, such as possessing and hiding both drugs, as well as selling marijuana and using heroin while in prison.  He also had a heroin possession charge dropped in exchange for his guilty plea.  See Island, 946 F.2d at 1338.  We conclude that the district court did not commit a procedural error in imposing a 60 month sentence in this case.

The judgment of the district court is affirmed.

_____