This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

**v.**                                          **No. 33,604**

**ANTHONY CORDOVA,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Trujillo, Dodd, Torres, O'Brien,
Sanchez, LLC
Donna S Trujillo Dodd
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals from the district court's judgment, sentence, and order partially suspending sentence [RP 77], and the order denying his amended motion to reconsider. [RP 113] Defendant raises four issues on appeal, contending that: (1) he did not enter into a knowing plea agreement; (2) he was denied effective assistance of counsel; (3) he was denied due process when his motion and amended motion for reconsideration were denied without a hearing; and (4) he received an unduly harsh sentence. [DS 2-4] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we affirm.

**Issue 1 - Did Defendant Enter Into a Knowing Plea Agreement?**

{2}    Defendant continues to contend that he did not have a knowing and intelligent understanding of the plea and plea procedure. [MIO 5] We remain unpersuaded. As discussed in the calendar notice, rather than moving to withdraw the plea, perhaps considering the benefits he obtained therein, Defendant filed two motions to reconsider his sentence, which the district court denied. [RP 74, 94, 89, 113] Under the circumstances we review this issue for an abuse of discretion, and we find none. *See State v. Sosa*, 1996-NMSC-057, ¶ 12, 122 N.M. 446, 926 P.2d 299 (indicating that review of a motion to reconsider is for an abuse of discretion); *see also State v. Barnett*, 1998-NMCA-105, ¶ 12-13, 125 N.M. 739, 965 P.2d 323 (recognizing that "a

trial court abuses its discretion when it . . . commits manifest error by accepting a plea that is not knowingly and voluntarily given" and "[w]here . . . a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea").

{3} The basis for both motions for reconsideration are not matters indicating that the district court lacked jurisdiction or that the sentence imposed pursuant to the plea agreement is illegal. [RP 74, 94] In the first motion, Defendant asserted that he has been fully cooperative, has agreed to repay the victim of the embezzlements, has taken responsibility for his actions, and has a 15-year old son to care for. [RP 74-75] In the amended motion, Defendant's new counsel asserts the same mitigating circumstances, including statements of relatives and friends as to Defendant's character and responsibility, as well as that prior counsel was ineffective. [*See* Issue 2 (ineffective assistance of prior counsel) below] [RP 95-111]. As this Court stated in *State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429, "[t]here is no obligation on the part of a judge to depart from the basic sentence. The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant." Under the circumstances, we

cannot say that the district court abused its discretion in denying Defendant's motions to reconsider.

**{4}** Moreover, we reiterate that there is no evidence in the record on direct appeal indicating that Defendant did not knowingly, voluntarily, and intelligently enter into the plea agreement. The plea agreement allowed Defendant to plead guilty to 15 out of the 207 charges of embezzlement. [RP 63-67] Of a possible sentence of 22 ½ years of incarceration, which constituted the consecutive running of the sentences for each of the 15 counts remaining under the plea, the State and Defendant agreed to an initial sentence of no more than four years and six months of incarceration, plus five years of supervised probation, with Defendant agreeing to sign a promissory note to repay the balance of restitution two months before the end of his probation. [RP 63-64] *See State v. Trujillo*, 1994-NMSC-066, ¶ 14, 117 N.M. 769, 877 P.2d 575 (recognizing that "both parties to a plea bargain make various concessions and gain certain advantages during plea negotiations" and underscoring that "a criminal defendant, having availed himself of the advantages of a plea agreement, cannot welch on his part of the bargain" (internal quotation marks and citation omitted)).

**{5}** Defendant signed the plea agreement beneath his statement that he was informed about, understood, and agreed to its terms. [RP 65-66] Defendant's attorney signed the plea agreement beneath his own statement that he had explained the plea

agreement to Defendant and that it was appropriate under the circumstance of the case. [RP 66] The prosecutor agreed to its terms, and the district court approved it. [Id.] The record indicates that the district court held a hearing on the plea agreement, at which, we may presume, its terms and conditions were explained to Defendant and Defendant acknowledged his understanding in open court. [RP 61] *See State v. Tollardo*, 2012-NMSC-008, ¶ 18, 275 P.3d 110 (stating that "[t]he procedures a court must follow in accepting a defendant's plea ensure that the defendant knows and understands the gravity of the statement he or she is about to make, and that the defendant is making the statement voluntarily, to a judge in open court, with a full understanding of his or her rights and the consequences of making such a statement"). The record further indicates that Defendant was sentenced to serve a term of incarceration for four years and six months in accordance with the terms of the plea agreement. [RP 67] As such, 18 years of the possible 22 ½ years of incarceration were suspended. [RP 84]

{6} We conclude that the district court did not abuse its discretion in denying the motions to reconsider on the grounds Defendant raises in the motions (the ineffective assistance issue is discussed below). We also conclude that there is no evidence in the record on appeal that Defendant did not knowingly, voluntarily, and intelligently enter into the plea agreement.

5

**Issue 2 - Was Defendant's Counsel Ineffective?**

{7}    In his memorandum, Defendant continues to assert that the attorney who represented him at the time he entered into the plea agreement did not properly counsel him regarding the terms of the plea, his waiver of all defenses, or the possibility of incarceration. Defendant also contends that his attorney failed to complete discovery. [DS 2; MIO 6] As we discussed in Issue 1 however, we remain persuaded that there is no evidence in the record proper on direct appeal that indicates Defendant did not knowingly, voluntarily and intelligently enter into the terms and conditions of the plea agreement. The plea agreement specifically states the possible term of incarceration, that Defendant waives all defenses, and that Defendant understood these and other terms. Conversations between Defendant's attorney and Defendant about the State's plea offer, Defendant's reasons for accepting the offer [*see, e.g.,* MIO 7], and Defendant's reasons for feeling uneasy or for lacking confidence in his attorney [see, e.g., MIO 7-8], are not part of the record for this Court's review on direct appeal. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that, if facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition); *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M.

6

107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

{8} For the reasons set forth above and in the calendar notice, we conclude that Defendant has failed to establish a claim of ineffective assistance on direct appeal. *See State v. Bahney*, 2012-NMCA-039, ¶ 53, 274 P.3d 134 (holding that the determination that a defendant failed to demonstrate a prima facie case of ineffective assistance of counsel does not preclude the defendant's ability to bring such a claim in a habeas proceeding if there is a factual basis for the claim).

**Issue 3 - Was Defendant Denied Due Process When the Motion and Amended Motion for Reconsideration Were Denied Without a Hearing?**

{9} In the memorandum, Defendant continues to claim that he was not properly counseled with regard to entering the plea, that he was not given the opportunity to present anything on his behalf prior to sentencing, and that he should now, in fairness and equity, be allowed to do so. [MIO 10] We are unpersuaded.

{10} Defendant was originally charged with over 200 counts of embezzlement/fraudulent use of a credit card. [RP 1-40] Defendant had a hearing with regard to entering into the plea agreement on only 15 of the embezzlement charges, for which Defendant could have been sentenced to a total of 22 ½ years. [RP 62-63] Under the terms of the plea agreement, however, the State and Defendant agreed that Defendant would face "no more than four and one-half years[] incarceration." [RP 63]

7

After the plea was approved and filed, Defendant had a sentencing hearing at which he was sentenced in accordance with the plea agreement. [RP 77] After sentencing, Defendant filed the motion and amended motion to reconsider, which include, in writing and with attachments for the district court's review in its consideration of the motions, all of Defendant's arguments for mitigation and numerous statements of witnesses asking that Defendant's sentence be mitigated. Consequently, we cannot conclude that Defendant was wrongly deprived of his right to present favorable evidence related to mitigation at his sentencing hearing. [RP 74-76, 94-112] As we discussed in Issues 1 and 2, Defendant's claims in the motions for reconsideration do not provide a basis for post-conviction relief on direct appeal. Moreover, Defendant was sentenced in accordance with the law and the plea agreement, and the district court is not required to mitigate. *See State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there can be no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes). We hold that Defendant's right to due process was not violated and that no hearing was required prior to denial of his motions to reconsider. *See State v. Montoya*, 1970-NMCA-016, ¶ 2, 81 N.M. 233, 465 P.2d 290 (recognizing that since none of the defendant's claims provided a basis for post-conviction relief, no hearing was required).

**{11}** For the reasons set forth above and in the calendar notice, we affirm the district court's decision to deny the motions for reconsideration.

## Issue 4 - Did Defendant Receive an Unduly Harsh Sentence?

**{12}** Defendant's memorandum does not raise any new facts or legal arguments that would persuade us that our analysis of this issue in the calendar notice was incorrect or inappropriate. [MIO 11-12] Under the circumstances, we remain persuaded that Defendant's claim of cruel and unusual punishment is not properly presented. *See generally State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-10, 146 N.M. 251, 208 P.3d 896 (holding that the entry of an unconditional plea of guilty operates as a waiver of the right to raise a cruel and unusual punishment claim on appeal). Moreover, in any case, as discussed above and in the calendar notice, Defendant was sentenced in accordance with the law and the plea agreement. *See State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438 ("[T]here is no abuse of discretion if the sentence imposed is authorized by law.").

**{13}** For the reasons set forth above and in the calendar notice, we affirm the district court on this issue.

{14}    **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief  Judge**

_____

**MICHAEL E. VIGIL, Judge**