This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41019**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**IAN ESTRADA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Defendant appeals the district court's judgment and sentence, entered pursuant to the parties' plea agreement, convicting Defendant of aggravated burglary with a deadly weapon, aggravated battery against a household member with a deadly weapon, and tampering with evidence. We issued a notice of proposed disposition, proposing to summarily affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we are not persuaded that Defendant has demonstrated error. We, therefore, affirm.

**{2}** In this appeal, Defendant challenges the sentence the district court imposed on various grounds that have evolved since the filing of the docketing statement. Our notice broadly construed the issue articulated in the docketing statement, which Defendant articulated to challenge the district court's imposition of a term of incarceration that exceeded the recommendation of the State in the parties' plea agreement. [DS 6] Our notice explained that the plea agreement did not contain a specific, guaranteed sentence and the district court was not bound by the State's mere recommendation on sentencing. [CN 2] *See State v. Miller*, 2013-NMSC-048, ¶ 28, 314 P.3d 655 (stating that only when a district court "has accepted a plea agreement for a guaranteed specific sentence . . . is [the court] bound to impose the sentence disposition contained in the plea" (internal quotation marks and citation omitted)). We further explained that the sentence imposed was authorized by law, and Defendant is not entitled to clemency or anything more than a sentence provided by law. *See State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429 ("The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant."); *id.* ("[A d]efendant is entitled to no more than a sentence prescribed by law.").

**{3}** We further proposed to hold that to the extent Defendant may be complaining about the district court's imposition of the sentence before receiving the diagnostic evaluation it had ordered, Defendant made no showing that the diagnostic evaluation was required for sentencing or would have provided more mitigating evidence than was already before the district court, such that the evaluation would have changed the result. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."); *Hartman v. Texaco Inc.*, 1997-NMCA-032, ¶ 25 n.4, 123 N.M. 220, 937 P.2d 979 (holding that an assertion of prejudice is not a showing of prejudice, and that in the absence of prejudice, there is no reversible error).

**{4}** In his memorandum in opposition, Defendant now contends that the district court abused its discretion by sentencing Defendant without the presentence report and without explaining why the report was no longer necessary. [MIO 4] In response to our proposed holding that Defendant did not demonstrate prejudice from the absent diagnostic report, Defendant complains that because he does not know what information would have been contained in the report, any showing of how the report would have affected sentencing would be speculative. [MIO 5] We note that "[o]btaining a presentence report is not a matter of right," *State v. Vialpando*, 1979-NMCA-083, ¶ 47, 93 N.M. 289, 599 P.2d 1086, and Defendant does not explain how he preserved these claims of error in district court. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)).

**{5}** Defendant filed a motion to reconsider his sentence but did not contend that the district court should have awaited the diagnostic report before proceeding to sentencing, did not request that the district court resentence him after the report was filed, and did

not request any findings as to why the district court determined that the report was not necessary for sentencing. [RP 61-62] Thus, Defendant did not attempt to develop a record that might show an abuse of the district court's discretion in sentencing him without the report.

**{6}**     "It is [the appellant's] burden to bring up a record sufficient for review of the issues [raised] on appeal." *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195. "Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment." *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (alteration, internal quotation marks and citation omitted). Thus, because the record is silent on why the district court ordered a diagnostic report and proceeded to sentencing before the diagnostic report was filed, and in the absence of Defendant's objections thereto, we will not presume that the district court abused its discretion. Rather, we must presume correctness. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("There is a presumption of correctness in the district court's rulings, and it is the appellant's burden on appeal to clearly demonstrate any claimed error."); *Rojo*, 1999-NMSC-001, ¶ 53. Additionally, we are not persuaded that a district court must explain why it did not wait for the diagnostic report before sentencing a defendant. *See Vialpando*, 1979-NMCA-083, ¶ 47 ("Since ordering a presentence report is not mandatory, it is axiomatic that the trial judge is endowed with the authority to impose sentence immediately after trial, absent an abuse of discretion in so doing."); *see id.* ¶¶ 47-48 (explaining that a diagnostic report is not necessary for sentencing and affirming the sentence while merely noting that the district court even offered compelling reasons for declining the report).

**{7}**     Lastly, Defendant contends the district court erred by failing to make findings of fact and conclusions of law regarding the mitigating factors in sentencing Defendant. [MIO 7-10] We note that Defendant has never suggested to this Court that he was unable to present mitigating evidence at the sentencing hearing. Defendant also has never explained to this Court whether he requested findings and conclusions, and the record does not support that such a request was made.

**{8}**     Defendant relies on this Court's memorandum opinion in *State v. Baray*, A-1-CA-40513, ¶ 2, mem. op. (N.M. Ct. App. July 20, 2023) (nonprecedential), for persuasive authority, suggesting that we will reverse and remand for resentencing where the record is silent as to whether the district court considered the defendant's mitigating evidence. [MIO 8-10] We are not persuaded. This Court's nonprecedential opinion in *Baray* reversed the district court, not because of the record's silence as to whether the district court considered the defendant's mitigating evidence, but rather because of the district court's inaccurate statement of law regarding what it could consider as mitigating evidence and its erroneous treatment of the mitigating evidence. *Id.* ¶¶ 6-7.

**{9}**     In the current case, there is no indication the district court harbored an erroneous belief about how to treat mitigating evidence. The district court was aware the State recommended a lighter sentence in the plea agreement, which the district court had

discretion to disregard. *See Miller*, 2013-NMSC-048, ¶ 28. Defendant does not refer us to any authority that would require the district court to enter findings explaining why it chose a different, legal sentence than the State recommended, and we are not aware of any such authority. *See* Rule 5-304(C) NMRA ("If the court accepts a plea agreement that was not made in exchange for a guaranteed, specific sentence, the court *may* inform the defendant that it will embody in the judgment and sentence the disposition recommended or requested in the plea agreement or that the court's judgment and sentence will embody a different disposition as authorized by law." (emphasis added)).

{10} Additionally, as we stated in our notice, the district court showed Defendant leniency by permitting him to withdraw his plea after it rejected the State's sentencing recommendation, which the district court was not required to do. *See State v. Pieri*, 2009-NMSC-019, ¶ 1, 146 N.M. 155, 207 P.3d 1132 ("We hold that a court is not required to afford a defendant the opportunity to withdraw [their] plea when it rejects a sentencing recommendation or a defendant's unopposed sentencing request, so long as the defendant has been informed that the sentencing recommendation or request is not binding upon the court."). We also note that the district court did not sentence Defendant to the maximum allowed by law. [RP 40, 58-59]

{11} Under these circumstances, where the sentence is lawful and the record is silent as to the manner of the district court's exercise of its discretion in sentencing, we will not presume that the district court erred and failed to consider mitigating circumstances. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."); *Rojo*, 1999-NMSC-001, ¶ 53; *Aragon*, 1999-NMCA-060, ¶ 10; *see, e.g., State v. Sosa*, 1996-NMSC-057, ¶ 8, 122 N.M. 446, 926 P.2d 299 ("It is settled law in this jurisdiction that a suspended sentence is a matter of judicial clemency to which a defendant may never claim entitlement.").

{12} For the reasons stated above and in our notice, we affirm the district court's judgment and sentence.

{13} **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**