**James DiGIOVANNI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 988, Docket 79–2048.

United States Court of Appeals, Second Circuit.

Submitted Nov. 28, 1978.

Decided March 27, 1979.

Abraham Y. Skoff, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., Brooklyn, N. Y., of counsel), for respondent.

James DiGiovanni, pro se.

Before LUMBARD, MOORE and GURFEIN, Circuit Judges.

LUMBARD, Circuit Judge:

James DiGiovanni appeals from an order of the District Court for the Eastern District denying his motion, made pursuant to 28 U.S.C. § 2255, to vacate the sentence imposed following his conviction for various narcotics violations. Since we find that the sentencing judge gave improper consideration to DiGiovanni's refusal to cooperate with the Government, we vacate the sentence and remand for sentencing before another judge.

DiGiovanni was arrested in Staten Island on March 29, 1975 and subsequently charged in a six-count indictment with various violations of the narcotics laws. Initially, DiGiovanni cooperated with the Government, providing information that led to the arrest of two individuals who had allegedly supplied him with narcotics. The charges against these individuals were dropped, however, when DiGiovanni indicated that he would not testify against them either before a grand jury or at trial. No attempt was made by the Government to obtain DiGiovanni's testimony under a grant of immunity.

On May 21, 1976 DiGiovanni pled guilty in the Eastern District to one count of conspiracy, 21 U.S.C. § 846, and two counts of possession and distribution of cocaine, 21 U.S.C. § 841(a)(1) & (2). He came before the District Court for sentencing on July 23, 1976.

The minutes of the sentencing hearing reveal an extended discussion among the District Judge, the Assistant United States Attorney and DiGiovanni's counsel concerning DiGiovanni's refusal to testify against his former confederates. The District Judge stressed the importance of such testimony to the Government's war against the illegal narcotics trade and indicated that he found DiGiovanni's explanation for his refusal to cooperate "inadequate." At the end of the discussion, the District Judge imposed on DiGiovanni a sentence of five years' imprisonment followed by three years' special parole, explaining:

> . . . in the light of what I feel is an unwarranted reluctance on your part to assist the Government and so your desire to turn away from this kind of crime, I feel that I must impose on you a more serious sentence. . . .

> [I]f . . . you change your mind . . . about the desirability of helping the Government do something about this drug scene which has had its consequences on you, as well as many others, you may make an application to the Court for a reduction of sentence, but not otherwise. . . .

In refusing to testify DiGiovanni was within his rights and committed no crime, and, correspondingly, there was no justification for the District Judge's imposition of a "more serious sentence" because of that refusal. A defendant's cooperation with the authorities is, of course, one of the mitigating factors that may be taken into account by the sentencing judge, *see, e. g., United States v. Sweig*, 454 F.2d 181 (2d Cir. 1972), but as was noted in *United States v. Ramos*, 572 F.2d 360, 363, n. 2 (2d Cir. 1978) (Lumbard, J., concurring), "It is one thing to extend leniency to a defendant who is willing to cooperate with the government; it is quite another thing to administer additional punishment to a defendant who by his silence has committed no additional offense."

The Government has argued that the District Judge considered DiGiovanni's refusal to cooperate only as evidence that he did not wish to turn away from his life of crime. But while it is true that a defendant's lack of desire for rehabilitation may properly be considered in imposing sentence, to permit the sentencing judge to infer such lack of desire from a defendant's refusal to provide testimony would leave little force to the rule that a defendant may not be punished for exercising his right to remain silent. Moreover, we question how much a refusal to testify indicates an absence of rehabilitative desire, given that defendants often provide such testimony simply to get back at their former associates or to obtain a better deal from the Government. In any event, refusal to testify, particularly in narcotics cases, is more likely to be the result of well-founded fears of reprisal to the witness or his family.

The Government had at its disposal the means to acquire DiGiovanni's testimony. Had DiGiovanni been given immunity and still refused to testify, he could of course have been punished for contempt of court. For whatever reason, the Government chose not to give DiGiovanni immunity, and consequently it cannot now argue that DiGiovanni's refusal to testify warranted imposition of a more serious sentence.

Accordingly, we vacate DiGiovanni's sentence and remand for sentencing before a different judge.

MOORE, Circuit Judge (concurring):

As the author of *United States v. Ramos*, 572 F.2d 360 (2d Cir. 1978), I am of the opinion that it is without precedential value in this case. *Ramos* was based upon facts unique to Ramos' own personal situation and involvement in the crime charged. However, in the instant case, because the district judge's language might be interpreted to mean that failure to testify could warrant imposition of "a more serious sentence", I find no objection to the proposed vacatur and remand. The resentencing judge will have before him the nature of the offenses to which the defendant pleaded guilty and the Memorandum Order dated January 30, 1978 denying the motion to vacate. Additionally, the defendant himself or by counsel will be afforded the opportunity to present extenuating circumstances, if any. Therefore, to resolve any possible ambiguity in favor of the defendant, I concur.