IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2005 Session

## STATE OF TENNESSEE v. JASON ALLEN RUIZ

**Appeal from the Circuit Court for Marshall County**
**No. 15812     Charles Lee, Judge**

---

**No. M2004-01725-CCA-R3-CD - Filed June 27, 2005**

---

The Appellant, Jason Allen Ruiz, appeals the sentencing decision of the Marshall County Circuit Court denying his motion for suspension of his sentence. Following a guilty plea to Class B felony sale of cocaine, Ruiz received an eight-year sentence with service of one year in confinement. At the sentencing hearing, Ruiz refused to name his drug sources. At the conclusion of the hearing, the trial court informed Ruiz that after serving 120 days in jail, the remainder of his incarceration period would be suspended if he revealed the names of those who supplied him drugs. Ruiz petitioned for suspension of his sentence after serving 120 days in confinement. He persisted, however, in his refusal to identify his drug sources because he feared retaliation. Ruiz's motion for suspension of his sentence was denied. After *de novo* review, we conclude that the trial court improperly considered Ruiz's refusal to reveal his drug sources. Accordingly, the judgment of the trial court is reversed, and the balance of the Appellant's sentence of incarceration is suspended.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed; Sentence Modified**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

John S. Colley, III, Columbia, Tennessee, for the Appellant, Jason Ruiz.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The Appellant's conviction stems from his sale of 3.5 grams of cocaine for the sum of $135.00 to an informant with the Drug Task Force. The proof at the sentencing hearing established that the Appellant, nineteen years old when the crime occurred, was married with one child, was

gainfully employed, and had no prior criminal record, with the exception of traffic offenses. At the hearing, the Appellant accepted full responsibility for his actions and was repentant for his conduct. During examination by the prosecutor, the Appellant was asked to reveal the names of those who supplied him cocaine. The Appellant stated that he had purchased the drug from "three or four people" who were still "on the streets" in Marshall County. The Appellant, however, declined to reveal names, explaining that his safety could be jeopardized and expressed concern that something could happen to him or his family.

At the conclusion of the hearing, the trial judge stated his policy, along with the procedures employed at sentencing, in cases involving drug sales:

> That procedure is that counsel for the State and the defense confer before the sentencing hearing, that that question be posed to the defendant and not in open court, and then if the defendant refuses to answer under those circumstances then the State may pose the question to the defendant in open court.

> If the defendant answers the question to the satisfaction of the State, then that question should not be asked in open court. It would be assumed by the Court that the defendant is willing to cut his ties to the drug community that is - - the State has a two-fold purpose in asking those questions.

> One is the testimony, of course, to further their interest in law enforcement, and the other is to demonstrate to the Court that the defendant is not prepared to rehabilitate himself or herself in that the defendant is not prepared to sever his or her ties to the drug community and to the sources that may be available to him or her.

After imposing the minimum sentence of eight years, the trial court further ordered:

> The defendant will be required to serve a sentence in the Marshall County jail on work release of 11 months and 29 days. After 120 days of that 11 months and 29 days, counsel may petition the Court for his release and if counsel and the State have arrived at some accord regarding the defendant's sources, then the Court will grant that motion.

> So in effect it is this way: If he says there is no way that I will tell, then he will do a year.

After service of 120 days in jail, the Appellant petitioned the court for suspension of the balance of his sentence of incarceration. At the motion hearing, the State stipulated that the Appellant had "done well on the work release" and that the Appellant had "complied with all of [the] rules and regulations down at the jail." Trial counsel advised the court, however, that the Appellant remained unwilling to disclose to law enforcement the names of those who supplied him cocaine.

The trial court denied the Appellant's motion to suspend the balance of his sentence, concluding that the Appellant had failed to comply with the court's procedure for revealing the sources of his drugs. This appeal followed.

## Analysis

Our sentencing laws provide that when reviewing a sentencing issue, including the granting or denial of probation,[1] the appellate court shall conduct a *de novo* review of the record of such issue. Tenn. Code Ann. § 40-35-401(d) (2003). Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct. *Id.* This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Under our Sentencing Act:

[T]he trial court has great latitude in formulating punishment, including the imposition of conditions on probation. The Act requires a case-by-case approach to sentencing, and authorizes, indeed encourages, trial judges to be innovative in devising appropriate sentences. However, sentences imposed must conform to the principles of sentencing set forth in the Act, which require that both the interests of society and of the defendant be considered. Those principles reflect the public policy of the state.

*State v. Burdin*, 924 S.W.2d 82, 85 (Tenn. 1996) (internal citations omitted).

In fashioning a sentence, the trial judge is provided discretion to impose conditions "reasonably related to the purpose of the offender's sentence and not . . . incompatible with the offender's freedom of conscience." Tenn. Code Ann. § 40-35-303 (d)(9) (2003). This principle is again emphasized under the provisions of Tennessee Code Annotated section 40-35-102(3)(C) (2003), which provides that the Sentencing Act encourages effective rehabilitation through use of alternative sentencing which "elicits voluntary cooperation of defendants."

---

[1]This appeal arises from the following posture:

> The court shall retain full jurisdiction over the defendant during the term of such sentence and may reduce or modify the sentence or may place the defendant on probation supervision where otherwise eligible. Following the first application, applications to reduce or to alter the manner of the service of the sentence may be made at no less than two (2) month intervals.

Tenn. Code Ann. § 40-35-314(c) (2003).

The Appellant argues that the trial court erred when it based its decision to deny his motion for suspension of his sentence upon his refusal to reveal his sources. The State, in rebuttal, argues "the trial court did not state that [the Appellant] would serve the jail time because he would not reveal his drug sources, rather, the court merely stated that it would release [the Appellant] after 120 days if [the Appellant] would reveal the source." We find this argument presents a distinction without a difference. Indeed, the Supreme Court has held that there is no objective distinction between "enhancing" a defendant's punishment for failure to cooperate and denying "leniency" for failure to cooperate when considering a sentencing court's actions. *Roberts v. United States*, 445 U.S. 552, 557 n.4, 100 S. Ct. 1358, 1362 n.4 (1980).

Prior decisions of this court have recognized that a trial court's directive that a defendant cooperate with the police or divulge information may be violative of sentencing principles. *See State v. Dowdy*, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994) (requiring a defendant to participate in undercover activities was outside scope of the Sentencing Act as it was clearly not voluntary, was not reasonably related to any form of rehabilitation, and was unduly restrictive of the defendant's liberty). Moreover, this court has held that a trial court's ruling is improper when the defendant's refusal to name his drug sources is the sole basis for denial of alternative sentencing. *State v. Ricky Keele*, No. 02C01-9805-CC-00139 (Tenn. Crim. App. at Jackson, Mar. 22, 1999); *see also State v. Charles Eugene Jones*, No. E2001-01639-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Mar. 12, 2003); *State v. Alexander A. Lee*, No. W1999-01086-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 14, 2000); *State v. Tim Hensley*, No. 03C01-9102-CR-00040 (Tenn. Crim. App. at Knoxville, Oct. 16, 1991), *rev'd in part on other grounds*, 01S01-9203-CR-00026 (Tenn. 1993).

In denying the Appellant's motion, the trial court reasoned that the Appellant's refusal to cooperate was relevant (1) to assist law enforcement and (2) to demonstrate rehabilitation. First, we would note that in fashioning a sentence, the trial court is required to apply the principles of sentencing and consider both the interest of society and the interest of the defendant. The sentencing process was never intended as a means to involuntarily gather intelligence for police purposes. This is not to say that the voluntary cooperation of an offender in assisting the law enforcement community by providing information is not to be encouraged. Indeed, our Sentencing Act recognizes that a defendant's assistance to authorities is a mitigating factor at sentencing. Tenn. Code Ann. § 40-35-113 (9-10) (2003). However, "[i]t is one thing to extend leniency to a defendant who is willing to cooperate with the government; it is quite another thing to administer additional punishment to a defendant who, by his silence, has committed no additional offense." *United States v. Ramos*, 572 F.2d 360, 363 n.2 (2nd Cir. 1978) (Lumbard, J., concurring). Finally, with regard to rehabilitation, we find the following rational persuasive:

> But while it is true that a defendant's lack of desire for rehabilitation may properly be considered in imposing sentence, to permit the sentencing judge to infer such lack of desire from a defendant's refusal to provide testimony would leave little force to the rule that a defendant may not be punished for exercising his right to remain silent. Moreover, we question how much a refusal to testify indicates an absence of rehabilitative desire, given that defendants often provide such testimony simply to

-4-

get back at their former associates or to obtain a better deal from the Government. In any event, refusal to testify, particularly in narcotics cases, is more likely to be the result of well-founded fears of reprisal to the witness or his family.

*DiGiovanni v. United States*, 596 F.2d 74, 75 (2nd Cir. 1979).

Moreover, we would observe that the sentencing court possesses reasonable means of determining whether the offender has "severed his or her ties to the drug community" through the imposition of probationary conditions, including the use of monitoring devices and drug screens.

In sum, we conclude that requiring the Appellant to reveal his drug sources was violative of the Sentencing Act, as it was not voluntary, was not reasonably related to any form of rehabilitation, and was the sole basis for denying the suspended sentence.

## CONCLUSION

For the aforementioned reasons, we conclude that the sentencing court improperly considered the Appellant's failure to reveal his drug sources in denying the Appellant's motion for a suspended sentence. Accordingly, we reverse the judgment of the trial court and grant suspension of the balance of the Appellant's one-year sentence of incarceration. The remaining terms and conditions of the Appellant's sentence as originally imposed remain in effect.

_____
DAVID G. HAYES, JUDGE