**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin HARRIS, Defendant–**
**Appellant.**

**No. 07–1677–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Timothy Austin, Assistant Federal Public Defender (Molly Corbett, on the brief), Albany, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney (James C. Woods, Assistant United States Attorney, on the brief) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Benjamin Harris appeals from a judgment of conviction entered on April 18, 2007 by the United States District Court for the Northern District of New York (Kahn, J.) for maliciously damaging property by fire in violation of 18 U.S.C. § 844(i). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Harris challenges his sentence as procedurally and substantively unreasonable.

### A. Procedural Reasonableness

A sentencing court must determine the Sentencing Guidelines range, then consider the Guidelines range, along with the other factors listed in 18 U.S.C. § 3553(a). *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). *Inter alia,* Harris argues that the sentencing court improperly (1) based its departure from the Guidelines range on his failure to provide the court "insight" as to why he set fires, (2) failed to identify a Guidelines range that correlates to Harris' criminal history or likelihood to recidivate in determining the extent of the departure from the recommended Guidelines sentence, and (3) failed to make a specific ruling on a controverted matter of fact contained in Harris's Presentence Report ("PSR"). We reject Harris's contentions.

### 1. Silence As a Basis for Departure

The district judge identified four reasons motivating his belief that the Guidelines failed to reflect Harris's "dangerousness" and likelihood to recidivate. One of those reasons was that "the defendant has not provided the Court with any insight as to why he committed arson repeatedly or why he selected the location that he did to commit arson." Harris argues that the district court therefore contravened our instruction that "a sentence may not, because of a defendant's refusal to cooperate, be increased or additional punishment imposed beyond what would otherwise have been meted out." *United States v. Bradford,* 645 F.2d 115, 117 (2d Cir.1981). However, *Bradford* is inapposite because it warns against increasing punishment based on failing to cooperate with a prose-

cutor—not with the sentencing court and probation office. In *United States v. Rivera*, 201 F.3d 99 (2d Cir.1999), we vacated a sentence that had been augmented because of the defendant's failure to cooperate; but that case is distinguishable on several grounds. First (as in *Bradford*), the cited failure to cooperate was with the government's investigations. Second, a five-year incremental sentence was attributed solely to the defendant's silence, whereas here Harris's silence was one of four reasons for an increase. And finally, the court did not penalize Harris for silence itself; the sentencing court *inferred* from Harris's behavior that he was dangerous and likely to recidivate, and it departed from the Guidelines sentence on that basis. The court's challenged comment is properly understood as an observation that defendant had not provided any reason to take a more favorable view of this behavior.

### 2. Mechanics of Departure

Harris argues that the district court failed to "determine the extent of [the] departure [from the recommended Guidelines sentence] ... by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of [Harris]." U.S.S.G. § 4A1.3(a)(4)(A) (2007). Harris did not object on that basis in the district court. Even here, he has failed to identify a point of reference that the district court should have considered. Accordingly, Harris has not demonstrated that the omission he cites resulted in a greater sentence.

Harris's idea that the district court erred in failing to "pause at each category above the applicable one to consider whether the higher category adequately reflects the seriousness of the defendant's record" is defeated by well settled law. *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir.2003).

### 3. Mechanics of Factfinding at Sentencing

Harris argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3) because the court adopted the PSR in its entirety as a finding of fact without ruling on an objection to one portion of the PSR. Upon review of the record, we conclude that the district judge's statement adopting the PSR satisfied his obligation under Federal Rule of Criminal Procedure 32. *Cf. United States v. Prince*, 110 F.3d 921, 924 (2d Cir.1997) ("A district court satisfies its obligation to make 'findings sufficient to permit appellate review ... if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the [presentence report ("]PSR [")].'" (quoting *United States v. Thompson*, 76 F.3d 442, 456 (2d Cir.1996)).

### B. Substantive Reasonableness

"Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). Having considered the recommended Guidelines sentence, the other factors laid out in 18 U.S.C. § 3553(a), and Harris's arguments on appeal, we see no good reason to believe that Harris's sentence—which was more than twice the recommended Guidelines sentence—was actually unreasonable.

### C. Conclusion

We have considered Harris's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.