J-S42014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ANTHONY DANIELS | : | |
| | : | |
| Appellant | : | No. 350 EDA 2023 |

Appeal from the PCRA Order Entered January 4, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000832-2018

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 9, 2024**

Raymond Anthony Daniels appeals the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We glean the following background from the certified record. On August 15, 2017, Appellant and two other gunmen invaded a home in Bucks County, wherein they threatened to shoot various members of the household and stole more than $300,000 in property and cash. Appellant subsequently pled guilty to one count each of robbery, burglary, and conspiracy, as well as several other crimes arising from the incident.

The trial court sentenced Appellant the same day. During the sentencing hearing, the prosecutor expressed her belief that Appellant had not fully accepted responsibility for his actions, despite pleading guilty, because he refused to identify other individuals involved with the burglary beyond the three gunmen known to the police. Appellant's counsel objected

to the remark. In response, the trial court encouraged Appellant to disclose the name of those co-conspirators, stating that "if he fails to do so, that will be an aggravating circumstance that [the court] will consider in imposing sentence." N.T. Sentencing, 1/24/19, at 133. Appellant exercised his right to allocution, and in so doing indicated that he did not want to identify anyone because he feared retaliation against his family. *Id*. at 163-65. Before imposing its sentence, the trial court opined that Appellant had shown a lack of remorse for his role in the crimes. More particularly, the court stated:

> I think [the] most telling thing about the lack of remorse here is that you are willing to let this violence continue. You have made the decision to allow these people who are engaging in violent predatory behavior against our community to remain out there, to continue in that conduct, because you know and I know that that's not going to stop unless and until [the prosecutor] is able, if she can, to stop them, that they will remain out there preying on people that live and work and love and suffer and have parents that aren't there, money that's not there, and your friends will go and prey on those people because they don't care what problems they suffered. They just want to be excited. They want to text money bags with people showing muscles about how tough they are.
>
> By your silence, you have basically said to me "I am going to continue to conspire with the individuals who I committed these crimes with. I will continue to protect them, I will continue to agree, and I will continue that conspiracy and endanger – continue to endanger our community."
>
> You talk about your friends being at risk. I'm sorry; your family. What that tells me is that you know your friends are so dangerous that they would prey not on you, because you cooperated, but prey on your – your brothers and sisters who have nothing to do with it. That they are so vicious, so violent, so controlling that they don't want to just victimize somebody else's community; they are going to victimize their own. . . .

*Id*. at 188-90. Ultimately, the court sentenced Appellant to an aggregate term of forty to eighty years of incarceration.

Appellant filed a motion for reconsideration of his sentence, arguing, *inter alia*, that the court erred in conditioning the length of the sentence on whether Appellant would identify additional co-conspirators. The court entertained the motion at a resentencing hearing on May 23, 2019.[1] At the hearing, the trial court addressed Appellant's challenge in the motion for reconsideration, articulating thusly:

> The other point that you made is that it was an error to condition the length of sentence on the defendant's ability and/or willingness to implicate his co-defendants.
>
> To the extent that you mean that I punished him for not agreeing to testify, I don't disagree with you [defense counsel], but I don't believe that's what I was trying to articulate.
>
> What I was trying to articulate is there is – was whether or not [Appellant] understood what the nature of his criminal offenses truly were, whether he really believed that the people in that household were in danger, whether they could have died, whether they could have been shot and the daughter would have to watch the grandmother die or the grandmother watch a grandchild die, whether if these men were really, truly that violent or that outcome could have very well occurred – your client's fear of them – that was articulated – made it very clear to me that he knew exactly the danger that he was involving himself in and the people – the kind of people he was involving himself with and I think that's clearly an appropriate consideration.
>
> I also believe it's an appropriate consideration about whether or not he actually has any remorse. **I certainly would**

_____

[1] During the same hearing, the trial court also sentenced two of the other gunmen present during the home invasion, both of whom were convicted after a jury trial.

**have reduced the sentenced imposed if he had – not that he was required to; but if he had testified, I certainly would have given him credit for that**.

   So based on that – I hope that clarifies what I was trying to articulate at the time that sentence was imposed.

N.T. Sentencing, 5/23/19, at 57-59 (emphasis added). At the resentencing hearing, the court also heard testimony from Appellant's mother. Defense counsel reminded the court that Appellant had previously exercised his right to allocution, noting that Appellant did not wish to add anything further at that time. *Id*. at 33. Based on the testimony presented and the fact that Appellant took some responsibility for the crimes, the court reduced Appellant's sentence to an aggregate term of thirty to sixty years in prison.

Appellant did not file a post-sentence motion thereafter, though he did file a direct appeal challenging the length of his sentence. The trial court entered an opinion pursuant to Pa.R.A.P. 1925, explaining its reasoning for the sentence, and addressed one of Appellant's arguments that "the court erred in conditioning the length of [Appellant]'s sentence upon his ability and/or willingness to implicate his co-defendants." Trial Court Opinion, 9/6/19, at 17. This Court affirmed the judgment of sentence on April 7, 2020, finding that Appellant failed to articulate a substantial question regarding his sentence. ***See Commonwealth v. Daniels***, 236 A.3d 1082, 2020 WL 1686493 at *2 (Pa.Super. 2020) (non-precedential decision). Accordingly, we did not reach the merits of Appellant's arguments at that time. ***Id***.

On March 30, 2021, Appellant timely filed this PCRA petition, his first. Therein, he asserted that trial counsel was ineffective when he did not argue

at resentencing that Appellant's refusal to testify against co-defendants was not a legal basis in which to increase the sentence. The PCRA court appointed counsel, who then filed a no merit letter and a petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The Commonwealth also filed a response to the petition, arguing that it should be dismissed. The PCRA court granted counsel leave to withdraw and sent Appellant notice of its intention to dismiss the petition in accordance with Pa.R.Crim.P. 907. After Appellant submitted a letter to the court indicating that the notice had been sent to an incorrect address, the court issued a second Rule 907 notice. The court also gave Appellant a sixty-day extension in which to respond, which Appellant did not do. The court then denied the petition on January 3, 2023.

Appellant subsequently retained counsel, and this timely appeal followed. Appellant complied with the trial court's order to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following sole issue on appeal:

> Ineffective assistance of counsel. On page 212 of the guilty plea transcript, and 202-203 of the resentencing transcript[,] the judge specifically stated that [Appellant's] failure to testify against the co-defendants was a factor she considered at [Appellant's] sentencing[.] See also page 188. She did not state how much time she added to the sentence but she made it clear that some significant period of time was added. Trial counsel should have objected because it is settled that the refusal to testify against co-defendants at an unrelated trial is not a basis to increase a sentence. **DiGiovanni v. United States**, 596 F[.]2d 74 (2d Cir.

1978) (held that it is a violation of the Fifth Amendment for the judge to increase a sentence for failure to cooperate against co-defendants, **United States v. Mitchell**, 526 U.S. 314 (1999)). Here [Appellant] had a Fifth Amendment right not to testify since his testimony could have been used against him in a motion to withdraw the guilty plea or a motion for reconsideration of sentence.

Appellant's brief at 1-2 (cleaned up).

We begin with the legal tenets pertinent to our review. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (citations omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Thomas**, 270 A.3d 1221, 1226 (Pa.Super. 2022).

Appellant's issue relates to ineffective assistance of trial counsel. Counsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. **See Commonwealth v. Johnson**, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*). To do so, he must establish the following three elements:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

**Id**. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. **Id**. (citation omitted). Additionally,

- 6 -

"[w]e are not required to analyze the elements of an ineffectiveness claim in any particular order." ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

This Court has stated that a claim "has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013) (cleaned up). "Whether the facts rise to the level of arguable merit is a legal determination." ***Id***.

With regard to the prejudice prong, our Supreme Court has defined actual prejudice as

> [a] reasonable probability that, but for counsel's lapse, the result of the proceeding would have been different. In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Ultimately, a reviewing court must question the reliability of the proceedings and ask whether the result of the particular proceeding was unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.
>
> A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding. Such a determination necessarily requires an assessment of the trial evidence as a whole, measured along with what is proffered on collateral attack.

***Commonwealth v. Crispell***, 193 A.3d 919, 932 (Pa. 2018) (cleaned up).

Appellant's claim also requires us to look at the sentence imposed by the trial court and its rationale for the same. It has been long established that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Salter***, 290 A.3d 741, 748 (Pa.Super. 2023) (citation omitted). We have additionally determined that a "[l]ack of remorse is an appropriate sentencing consideration[,]" and we must "give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." ***Commonwealth v. Summers***, 245 A.3d 686, 695 (Pa.Super. 2021) (cleaned up).

With this background in mind, we turn to Appellant's claim. He argues that trial counsel was ineffective for not objecting to the legality of his sentence, asserting that the trial court improperly considered his failure to identify unknown co-conspirators at sentencing. ***See*** Appellant's brief at 11-12. He contends that despite pleading guilty, he still had a Fifth Amendment right not to testify "since he retained the right to file a motion to withdraw the plea and retained the right to file [a] motion to reduce the sentence." ***Id***. at 12. Appellant avers that his sentence is illegal pursuant to ***DiGiovanni v. United States***, 596 F.2d 74 (2d Cir. 1978), and ***United States v. Mitchell***, 526 U.S. 314 (1999), which he cites for the proposition that a court may not increase a sentence based on a refusal to testify against co-defendants. ***Id***. at 11-12.

We note that in conjunction with Appellant's direct appeal, the trial court rendered an opinion providing the rationale for the final sentence imposed. With respect to Appellant's decision not to provide the name of unknown co-conspirators, the trial court stated as follows:

> [Appellant] had the opportunity to present evidence regarding his reasons [for not cooperating] and, in fact, did so. [Appellant] testified that he chose not to provide information about the crime of the individuals involved in its commission because he was "scared for his family's life" and that he didn't want them to have to "watch over their shoulders" because of what he did in a courtroom. [Appellant] stated that he did not want to put them in "harm's way" when he would not "be there to protect them . . . ." This court considered this testimony but did not find [Appellant]'s explanation of sufficient weight to overcome other considerations. Specifically, this court noted that, while his cooperation would have been a mitigating factor for purposes of sentencing, his refusal to provide any information regarding the crimes or those involved in their commission and his reason for that decision was relevant and admissible to establish the dangerous nature of those with whom he chose to conspire, the degree of his professed remorse, the degree to which he was willing to accept responsibility[,] and his rehabilitative needs. Since the "other reasons" were presented and properly considered, [Appellant] suffered no prejudice as a result of this court's ruling.

Trial Court Opinion, 9/6/19, at 17-18 (cleaned up).

Additionally, regarding Appellant's underlying claim of ineffective assistance of counsel, the PCRA court entered a separate opinion explaining why it denied relief. Therein, the PCRA court concluded that the trial court properly considered Appellant's failure to identify the unknown co-conspirators pursuant to the sentencing code, in light of "protection of the public, the impact on the community[,] and the rehabilitation of Appellant in forming

Appellant's overall sentence." PCRA Court Opinion, 4/3/23, at 16. It determined that the decision from the Court of Appeals of the Second Circuit in *DiGiovanni* was neither binding nor apposite to this matter, instead finding that Pennsylvania law supported the trial court's consideration of Appellant's lack of remorse. *Id*. at 17-19 (citing *Commonwealth v. Bowen*, 975 A.2d 1120 (Pa.Super. 2009)). The court also found that any claim resting upon Appellant's Fifth Amendment right to remain silent would necessarily fail because Appellant pled guilty and exercised his right to allocution at sentencing, thereby waiving any such right. *Id*. at 19. The PCRA court finally noted that Appellant's sentence was, in fact, lenient as compared to that imposed upon two of the co-defendants who were present during the burglary and were convicted following a trial. *Id*. at 21.

For its part, the Commonwealth maintains that trial counsel could not have been ineffective in this matter since counsel did challenge the court's consideration of Appellant's refusal to identify unknown co-conspirators, both during the initial sentencing via objection and by filing a post-sentence motion. *See* Commonwealth's brief at 11. The Commonwealth then argues that this issue lacks arguable merit, since Appellant did not invoke his right to remain silent, and therefore Appellant's reliance on cases discussing the Fifth Amendment is inappropriate. *Id*. at 16-18. It also agrees that the trial court properly considered Appellant's lack of remorse and potential for rehabilitation at the time of sentencing, and therefore any further objection lodged by counsel would not have changed the proceedings. *Id*. at 18, 26.

On review, we find that the PCRA court's decision is supported by the record and free from legal error. Appellant has not demonstrated either that his claim of ineffective assistance of counsel has arguable merit or that his counsel's failure to object at the resentencing hearing prejudiced him. The record makes clear that at the time of resentencing, the trial court did not penalize Appellant based on refusal to identify co-conspirators. Rather, in crafting the reduced sentence, the court considered both Appellant's declination and allocution remarks together as demonstrative of Appellant's lack of remorse, along with other appropriate sentencing factors. This was not improper. *See Commonwealth v. Begley*, 780 A.2d 605, 641 (Pa. 2001) (finding that a defendant's "lack of contrition" and "lack of cooperation with the authorities" were signs of the defendant's character, and a failure to show remorse was an "indicia of [the defendant's] social conscience"); *see also Roberts v. U.S.*, 445 U.S. 552, 558 (1980) (concluding that a defendant's failure to cooperate "protected his former partners in crime" and that "[f]ew facts available to a sentencing judge are more relevant to the likelihood that a defendant will transgress no more" (cleaned up)). Since any additional challenge from counsel at resentencing as to this issue would have been unsuccessful, Appellant has not met his burden of proving either arguable merit or prejudice. *See*, *e.g.*, *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa.Super. 2021) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.").

Further, we are not persuaded that the result should be any different based upon the cases cited by Appellant in his brief. As the PCRA court correctly noted, the **DiGiovanni** decision from the Court of Appeals of the Second Circuit, which Appellant primarily relies upon, is not binding upon this Court. **See Commonwealth v. Carrera**, 289 A.3d 1127, 1132 n.9 (Pa.Super. 2023) ("[F]ederal court decisions do not control the determinations of the Superior Court. Our law clearly states that, absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts." (cleaned up)). Moreover, **DiGiovanni** is distinguishable because it concerned the defendant's refusal to testify against co-defendants at trial, which ultimately led to the charges being dropped and the defendant receiving **a harsher** punishment than he otherwise would have. Indeed, the Second Circuit noted that although it would have been proper to impose a more lenient sentence in exchange for cooperation, it was "quite another thing to administer additional punishment to a defendant who by his silence has committed no additional offense." **Id**. at 75. As discussed above, however, it is clear that in this case Appellant did not suffer additional punishment for failing to name his co-conspirators. Rather, the trial court expressly clarified that his refusal precluded further mitigation of the sentence. **See** N.T. Sentencing, 5/23/19, at 58.

Appellant also cites, without discussion, the United States Supreme Court decision of **Mitchell v. U.S.**, 526 U.S. 314 (1999). Presumably, he relies on this case for its proposition that "[t]he normal rule in a criminal case

is that no negative inference from the defendant's failure to testify is permitted." *Id*. at 327-28. There, the Supreme Court also went on to "decline to adopt an exception [to this normal rule] for the sentencing phase of a criminal case with regard to factual determinations respecting the circumstances and details of the crime." *Id*. at 328. However, we readily conclude that **Mitchell** is inapposite since Appellant did not exercise his right to remain silent at sentencing.[2]

In sum, we determine that Appellant has not proven that his counsel's failure to object again at the resentencing hearing prejudiced him, nor has he presented a claim of arguable merit. Since Appellant's sole issue garners him no relief, we have no cause to disturb the order denying his PCRA petition without a hearing.

Order affirmed.

---

[2] Appellant also cites in passing **Commonwealth v. Scott**, 860 A.2d 1029 (Pa.Super. 2004), arguing that based on this decision, a court "may not increase a sentence based on [Appellant's] refusal to testify against co-defendants." Appellant's brief at 12. That case is distinguishable as it dealt with the trial court's improper consideration at sentencing of a defendant's refusal to cooperate **on an unrelated criminal matter**. *See Scott*, *supra* at 1030. That was not the case here.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/9/2024